## Nickel v. McNaight et ux. No. 1

*C. W. Kugler*, for plaintiff.

*H. B. Crytzer*, for defendants.

RICE, P. J., February 11, 1948.—This is an action of ejectment brought after the effective date of Pa. R. C. P. 1001-1458, governing actions at law. A complaint was filed, to which defendants replied by filing what they call an "Answer Raising Preliminary Objections". To this pleading plaintiff filed an answer and later on a rule to proceed. The case comes before the court at this time on the latter pleading or procedural step.

Pa. R. C. P. 1017(*a*) states:

"The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection, an answer thereto, and a motion for judgment on the pleadings."

The nomenclature of the permissible pleadings provided in this rule should be observed by counsel. One may ask with Shakespeare, "What's in a name?". And

a pleading in an action at law may "smell as sweet" if called by a name not mentioned in this rule, but confusion and misunderstanding may be avoided at times if the system of names given in this rule is followed. In the commentary on this rule in Goodrich-Amram Civil Practice (p. 111), it is said:

"Rule 1017(b) lists the various kinds of questions which are to be included in the preliminary objection. No matter which of the questions is to be raised, the paper in every case is to be called a 'preliminary objection'. It is not intended by Rule 1017(b) that the paper filed should bear the name 'demurrer' or 'motion to strike off', etc., if that is the nature of its content. . . . The content of the pleading filed, plus the claims for relief which are included, will clearly enough identify the true nature of the questions which the defendant is submitting for adjudication."

Defendant's pleading in the pending case should have been called "preliminary objection", no matter whether it was in the form of a petition, a motion or a demurrer as allowed in rule 1017(b). This latter provides that the objection of the "pendency of a prior action" may be raised in a paper in the form of a petition, and this may have misled counsel for plaintiff into believing that defendants' preliminary objection was a petition to be governed by rule 209 and that he should file a "rule to proceed" to bring the matter to a focus and require defendants, under rule 209, to "proceed by rule . . . to take depositions on disputed issues of fact" or "order the cause for argument on petition and answer".

But we are of the opinion that rule 209 has no application to the situation. This rule refers to a petition for original relief, such as a petition to open or strike off a judgment or to stay execution or to set aside a sheriff's return of service or a sheriff's sale or for other relief for a situation between the parties existing prior to the filing of the petition. An examination of the

appellate court cases cited in the notes to the commentary on rule 209 in Goodrich-Amram Civil Practice discloses that they are bills in equity, petitions initiating legal proceedings, or interlocutory petitions for original relief. In the pending action, the complaint, the preliminary objection, the answer thereto, and the rule to proceed are successive procedural steps, and we must refer back to the complaint to understand the preliminary objection. The latter asks merely for a stay of the action of ejectment until a prior action in which one of the defendants is a party is determined and does not ask for a dismissal of the pending action, and defendants do not ask for the adjudication of any matters between the parties to the ejectment. Hence, we are convinced that rule 209 is not intended for a situation like the present one.

If the preliminary objection and the answer thereto raised issues of fact, Pa. R. C. P. 1028 (c) would apply. It says: "The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise." Thus, the court could order the taking of depositions or could hear the witnesses itself, and there is no occasion for the application of rule 209. Again, rule 209 applies only when the petition and the answer to it do raise issues of fact, but the preliminary objection and the answer thereto in the pending case do not raise any issues of fact. The complaint avers, and unnecessarily, we believe, that K. C. McNaight, one of the defendants, had, prior to the inception of the title of plaintiff Nickel, brought an action of assumpsit in this court against P. A. McMillen, the immediate predecessor in title of Nickel, for damages for breach of an oral agreement to convey the land involved in the ejectment and by reference incorporates the pleadings in such action of assumpsit in the complaint in the action of ejectment. The preliminary objection in the pending action of ejectment makes mention of the said averment in

the complaint, incorporates the pleadings therein by reference, avers that such action of assumpsit is for (a) damages for breach of contract or (b) specific performance, and objects that the action of ejectment cannot be concluded until the said action of assumpsit is judicially determined with reference to the prayer for specific performance. The answer of plaintiff to the preliminary objection admits the pendency of the said action of assumpsit but denies that the statement of claim prays for the alternative relief of (a) damages, or (b) specific performance, avers that the statement of claim asks only monetary damages, that defendant McMillen filed an affidavit of defense raising questions of law by way of demurrer, that plaintiff McNaight then filed an answer to such affidavit of defense introducing "new matter" in which he asks for specific performance. These pleadings will speak for themselves, since they are injected into the pending action by reference, and whether defendant Mc-Naight's prayer for specific performance is properly in his action against McMillen and should have any effect on the pending action is a matter of law, and no testimony is competent or necessary to prove what those pleadings contain. Hence, there is no issue of fact raised in the preliminary objection and the answer thereto, and rule 209 cannot apply. The rule to proceed will be discharged.

This will not leave plaintiff high and dry without a remedy, as he has the right to place the preliminary objection and his answer thereto on the next argument list, and that will bring the preliminary objection before the court for determination under rule 1028(c). When this matter was brought before the court, it was apparently only the rule to proceed that was to be disposed of. If the understanding had then been that we would also determine the preliminary objection, we would do so in this opinion, but we do not desire to go ahead with that matter unless counsel had tacitly or

expressly so agreed. It appearing that counsel for defendants did not understand that we should determine the preliminary objection, we limit our opinion and order to the rule to proceed.

### Order

And now, February 11, 1948, plaintiff's rule to proceed, taken under Pa. R. C. P. 209, is discharged.